DEBT

## *Pope vs. Wickliffe.*

Case 94.

Appeal from the Bullitt Circuit; PAUL I. BOOKER, Judge.

*Executors &c. Devastavet. Notice. Creditors. Statutes.*

June 21.

Judge OWSLEY delivered the Opinion of the Court.

Case stated.

POPE administered on the estate of Josiah M. Anderson, deceased, and within less than six months after administration was granted to him, he paid two demands which were owing by the intestate. One of these demands was owing to John M. Beckwith, and amounted to $53 12 1-2 cents. The other was owing to H. Oldham, and was for twenty-five dollars.

After the expiration of six months from the grant of administration, Pope, as administrator of the estate of said Anderson, confessed judgment to Wickliffe for $100, with interest and cost.   An execution issued in favor of Wickliffe, upon the judgment, and was returned by the sheriff, no property found. Suit was then brought by Wickliffe against Pope on the judgment, suggesting a *devastavet.*   *Nil debet* and *plene administravet* were pleaded by Pope, and issues joined to each plea by Wickliffe.

On the trial of these issues, Pope relied upon the payments which he made to Beckwith and Oldham, in support of his plea of *plene administravet*, but the court being of opinion that, as administrator, Pope should not have made those payments within six months from the grant of administration to him, instructed the jury, in substance, that they ought to disregard the payments, if they should believe that they were made within six months after the grant of administration, and if they should also believe that Pope had notice of Wickliffe's demand within the six months, though at the time of making the payments he had no knowledge of the debt of Wickliffe.

The instruction cannot, we apprehend, be sustained.   The law has prescribed the order which, in case of deficiency of assets, it is incumbent upon executors or administrators to observe in the payment of debts owing by the testator or intestate; and if, instead of pursuing that order, the executor or administrator, with notice of debts of superior dignity, pays others inferior in degree, he will be liable as for a *devastavet.*   But to incur a liability of that sort, he must, at the time of paying the inferior debt, have notice of the existence of the debt of superior degree.

We know of no law that requires the executor or administrator to delay the payment of any demand which may exist against the estate, for six months, or any other period of time, so as to afford an opportunity to any creditor to give notice of his demand.   There is an act of the Legislature of this country, (1 Dig. L. K. 535,) which forbids any suit

Pope vs, Wickliffe.

Instructions.

Executor is not liable as for a devastavet for paying the assets on debts of an inferior grade unless he have notice of the demands of a superior dignity.

Statute prohibiting an executor being sued for six months after probate, and forbidding him to confess a

judgment within that time, so as to give one demand the preference over another, does not prohibit him from *paying* debts of the decedent within the six months, or change the law of such case.

being brought against an executor or administrator until after the expiration of six months from their qualification as such; and the same act also forbids the executor or administrator within the same time, confessing any judgment, so as to give to any claim a superior dignity to any other claim against the estate of the testator or intestate. But neither of these provisions of the act are understood either to prohibit the executor or administrator from paying any of the creditors of the testator or intestate, or to impose upon him any additional obligation in case he should pay demands of an inferior degree, without notice of the existence of superior claims. As by the first provision in the act, none of the creditors are permitted to sue the executor or administrator within six months, it was not improper, by the latter provision, to preclude the executor or administrator from prejudicing the rights or interest of any, by his confessing judgment in favor of others. But in no other respect has the act *imposed* any restraint upon the creditors of the testator or intestate, or upon the executor or administrator.

Creditors of the decedent, to obtain the benefit of the dignity of their demands, must give the executor notice before payment of the inferior demands.

The executor or administrator may now as they might have done before the passage of the act, proceed in the administration &c. by the payment of debts or otherwise, and the creditors are at liberty to make known their demands, so as to enable the executor or administrator to pay, or prepare for the payment of them in the due and regular order of administration; and if any creditor fails to do so, until after the assets are exhausted by the payment of others, whose claims are inferior, the loss is attributable to their own fault, and should not fall upon the executor or administrator.

The instruction ought not, therefore, to have been given to the jury.

The judgment must consequently be reversed with costs, the cause remanded to the court below, and further proceedings there had, not inconsistent with this opinion.

*Denny* for appellant; *Wickliffe* for appellee.